# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER,  )
                                                         )
             **Plaintiff,**       )
                                                         )
v.                                                        )      Case No. 10-1013-EFM

**ROBERT I. GUENTHER, et al.,**    )

            **Defendants.**     )

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion for a protective order (Doc. 25) concerning discovery served by plaintiff (pro se) on April 10, 2010. For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

## Background[1]

Highly summarized, this is an action for legal malpractice by a "beneficiary" of a trust that was created by plaintiff's grandmother, Jessie Brooks.[2] The trust agreement was

---

[1] The "Background" section is merely a highly summarized version of the claims and allegations for context and does not reflect "findings" or "rulings" by the court.

[2] The nature and legal status of plaintiff's "beneficiary" interest is an unresolved issue in the case. Defendants contend that plaintiff is a "contingent" beneficiary at this time. Plaintiff asserts that he is a "qualified beneficiary" (Doc. 20, p.2) but also asserts that he is a "contingent beneficiary" and "the contingency is his survival of Nola Mae Wills [plaintiff's mother], approximately 65." (Doc. 20, p. 4). Resolution of plaintiff's interest is unnecessary for purposes of the motion before the court.

prepared by defendants and executed by Jessie Brooks in 1996 and provided for distributions during her lifetime and upon her death for the benefit of her daughter, Nola Mae Wills. The remainder of the trust assets, if any, are to be distributed to Jessie's grandson (plaintiff) upon the death of Ms. Wills. Ms. Brooks died in 2000 and Ms. Wills survives.

In January 2008, plaintiff received a letter from the trustee indicating that the trust had lost money after the death of his grandmother in 2000. Plaintiff filed the present action against defendants for legal malpractice arising from two trust provisions concerning the "prudent investor rule" and a separate action (Case No. 10-1012) against the trustee financial institution. Defendants have moved to dismiss, asserting that plaintiff's claims concerning the legal work completed in 1996 are time-barred by applicable Kansas statutes.

**Motion for Protective Order**

As noted above, plaintiff served interrogatories, production requests and a deposition notice on April 10, 2010 and defendants moved for a protective order, arguing that discovery should not proceed until their motion to dismiss is resolved. As discussed during the June 1, 2010 scheduling conference, the court is not persuaded that all discovery should be stayed pending a ruling on the motion to dismiss. Consistent with the "Order on Scheduling Conference," written discovery shall proceed but depositions shall be deferred pending

further order of the court. Doc. 32.[3]

Plaintiff's response and defendants' reply brief raise three specific discovery matters that warrant further discussion. First, plaintiff seeks production of estate *tax* documents. A protective order concerning this area of discovery is granted because estate tax returns have no relevance to the claims in this case that defendants committed legal malpractice in drafting two trust provisions concerning the "prudent investor" rule.

Similarly, plaintiff's request for discovery of V. Brooks' will and trust documents is rejected and a protective order is granted. Contrary to plaintiff's suggestion, the preparation of estate planning documents by a law firm for a different client does not "provide an indicia of fraud." Plaintiff is merely on a fishing expedition to discover information concerning the estate plans of another relative.[4]

Finally, plaintiff seeks discovery of estate planning documents for defendants' *other* clients because the information "might lead to possible certification of $1 Billion 'class action' suit for elder fraud." In addition to the reasons given above for denying discovery

---

[3] Defendants argue in general terms that the requested discovery is not "pertinent" to the issue of tolling for purposes of defendants' motion to dismiss. This argument is not persuasive for two reasons. First, the court is not persuaded that discovery should be limited to the "tolling" issue. Equally important, defendants' argument addresses the discovery requests in a collective manner and does not address any of the individual interrogatories or production requests.

[4] The significance of a particular provision in an estate planning document or trust agreement cannot be determined without knowledge of the communications between the client and the attorney drafting the agreement. Plaintiff is not entitled to discover the attorney-client privileged communications of other clients.

concerning "other clients," class discovery is not inappropriate. No class action allegations have been pled and, even had they been pled, a pro se plaintiff proceeding in forma pauperis is not capable of "fairly and adequately protecting the interests of the class."

**IT IS THEREFORE ORDERED** that defendants' motion for a protective order **(Doc. 25)** is **GRANTED IN PART and DENIED IN PART.** Depositions shall be deferred pending further order of the court but written discovery may proceed.[5] A protective order precluding discovery concerning: (1) estate tax returns, (2) V. Brooks' will and trust documents, and (3) documents prepared for "other clients" is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 18th day of June 2010.

                                        S/ Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge

---

[5] The denial of a blanket protective order concerning written discovery is without prejudice to any other objections or privilege claims which defendants may have to the written requests.