# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER, )
)
      **Plaintiff,** )
)
v. ) Case No. 10-1013-EFM
)
ROBERT I. GUENTHER, et al., )
)
      **Defendants.** )
)

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion for a protective order (Doc. 36) and plaintiff's motion to compel (Doc. 41). The rulings are set forth below.

## Background

Highly summarized, this is an action for legal malpractice by a "beneficiary" of a trust that was created by plaintiff's grandmother, Jessie Brooks.[1] The trust agreement was prepared by defendants and executed by Jessie Brooks in 1996 and provided for distributions during her lifetime and, upon her death, for the benefit of her daughter, Nola Mae Wills. The remainder of the trust assets, if any, are to be distributed to Jessie's grandson (plaintiff) upon the death of Ms. Wills. Ms. Brooks died in 2000 and Ms. Wills survives.

---

[1] The nature and legal status of plaintiff's "beneficiary" interest is an unresolved issue in the case. Defendants contend that plaintiff is a "contingent" beneficiary at this time. Plaintiff asserts that he is a "qualified beneficiary" (Doc. 20, p.2) but also asserts that he is a "contingent beneficiary" and "the contingency is his survival of Nola Mae Wills [plaintiff's mother], approximately 65." (Doc. 20, p. 4).

In January 2008, plaintiff received a letter from the trustee indicating that the trust had declined in value after the death of his grandmother in 2000. Plaintiff filed this action against defendants for legal malpractice and a separate action (Case No. 10-1012) against the trustee financial institution. Defendants move to dismiss, asserting that plaintiff's claims concerning the legal work completed in 1996 are time-barred by applicable Kansas statutes.

Defendants' first motion for a protective order was granted in part and the court prohibited plaintiff's discovery of (1) estate tax materials, (2) Verne Brook's will and trust materials, and (3) documents prepared for defendants' other clients. Memorandum and Order (Doc. 33). Discovery was also limited to written requests. Scheduling Order (Doc. 32). Defendants' second motion for a protective order is discussed in greater detail below.

**Defendants' Second Motion for Protective Order**

Plaintiff's interrogatory numbers 1, 2, and 3 and production requests 1, 3, 6, 9, 10, 11, and 12 seek discovery of information and documents related to defendants' legal representation of Jessie I. Brooks and the creation of her June 5, 1996 revocable trust.[2] Defendants' responses to the discovery requests require disclosure of confidential information and documents obtained and exchanged in the course of the attorney-client relationship between defendants and Ms. Brooks.

---

[2] The information sought by Interrogatory numbers 4, 5, 6, and 7 and production request numbers 2, 4, 5, 7 and 10 include topics covered by the court's ruling on the first motion for a protective order. Plaintiff's assertion that he can secure the prohibited discovery through an interrogatory rather than a production request is a "form-over-substance" argument and rejected. Additionally, there is no evidence that plaintiff conferred with defendants before filing his request to compel individual discovery requests.

-2-

Defendants are willing to provide those disclosures but are constrained by Rule 1.6 of the Kansas Rules of Professional Conduct which provides that "a lawyer shall not reveal information relating to representation of a client unless the client consents after consultation ...." Because Ms. Brooks is dead she is incapable of consenting to the release of confidential information.

An exception to the general rule of confidentiality allows an attorney "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Rule 1.6(a)(3). However, an attorney "must make every effort practicable to avoid unnecessary disclosure of information . . . and obtain protective orders or make other arrangements minimizing the risk of disclosure." Rule 1.6 (b), comment 19. This duty of confidentiality continues even after the end of the client-lawyer relationship. Rule 1.6(b), comment 20.

Defendants sought plaintiff's approval of a protective order consistent with Rule 1.6(b), comment 19. However, plaintiff rejected the proposed protective order and defendants seek judicial approval of the protective order.

Plaintiff argues that the denial of his earlier "motion to close the record in the case" (Doc. 10) also requires denial of defendants' pending motion. The court disagrees. The issue of confidential attorney-client information and Rule 1.6 was not mentioned in plaintiff's previous motion and therefore it was not addressed. Accordingly, plaintiff's argument is without merit and rejected.

The court is persuaded that defendants have shown good cause for entry of a protective order consistent with KRPC 1.6(b), comment 19. Although plaintiff has filed a legal malpractice action against defendants, he was never a client of defendants when confidential information was exchanged between defendants and Ms. Brooks in 1996. Moreover, his legal standing to pursue

malpractice claims at this time is an unresolved issue in this case. Entry of the proposed protective order will permit disclosure of the information to plaintiff while preserving any confidential information exchanged between defendants and Ms. Brooks. Accordingly, defendants' motion for a protective order shall be GRANTED.

**IT IS THEREFORE ORDERED** that defendants' motion for a protective order **(Doc. 36)** is **GRANTED.** Defendants' proposed protective order is approved as to form, except for language describing the order as an "agreed" or "stipulated" order. Defendant shall submit a revised protective order for the court's approval by **October 15, 2010.**

### Plaintiff's Motion to Compel

Plaintiff's motion to compel is a restatement of his response to defendants' motion for a protective order and includes arguments concerning specific discovery requests. The motion shall be DENIED because there is no evidence that plaintiff made a good faith effort to confer with defendants concerning the individual discovery requests. Additionally, some of the material requested will be made available to plaintiff after entry of the second protective order.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 41)** is **DENIED.** The parties shall confer in good faith before seeking judicial assistance to compel discovery.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of October 2010.

                                          S/ Karen M. Humphreys
                                  _____
                                  KAREN M. HUMPHREYS
                                  United States Magistrate Judge