# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOFER THOMAS KASTNER,
individually, as Representative of the Estate
of Jessie I. Brooks and as beneficiary of
Jessie I. Brooks trust,

      *Plaintiff*,

vs.

Case No. 10-1013-EFM

ROBERT I. GUENTHER, individually and
as President, Morris, Laing, Evans, Brock and
Kennedy

and

MORRIS, LAING, EVANS, BROCK AND
KENNEDY, CHARTERED, a Professional
Association,

      *Defendants*.

## MEMORANDUM AND ORDER

Approximately fifteen years ago, Plaintiff Kristofer Thomas Kastner's grandmother executed a trust with Intrust Bank.[1] Plaintiff's grandmother's attorney, Robert Guenthner, and the law firm for which Guenthner works, Morris, Laing, Evans, Brock and Kennedy, Chartered are the Defendants in this lawsuit and drafted the trust agreement between Plaintiff's grandmother and Intrust Bank. Plaintiff alleges that his grandmother's attorney did a poor job in drafting the trust because it has lost value over the years. The matter is now before the Court on Defendants' Motion

---

[1] Plaintiff also filed suit against Intrust Bank and several of its officers in a related case, Case No. 10-1012.

for Judgment on the Pleadings (Doc. 13). For the following reasons, the Court grants Defendants' motion.

## I. Factual and Procedural Background[2]

Plaintiff Kristofer Thomas Kastner resides in Texas.[3] Defendant Robert I. Guenthner is a lawyer licensed in the State of Kansas and practices law at Defendant Morris, Laing, Evans, Brock and Kennedy, Chartered , a law firm located in Wichita, Kansas. On June 5, 1996, Jessie I. Brooks executed a trust, the "Jessie I. Brooks Revocable Trust." Jessie I. Brooks was 86 years old, lived alone, and allegedly had health issues at the time she executed the Trust agreement. Ms. Brooks possessed no formal education and allegedly suffered from dementia and occlusion of blood flow to her brain. Due to her ailments, Plaintiff asserts Ms. Brooks lacked capacity to understand the nature of the trust agreement.

The Trust Agreement, prepared by Guenthner, provided for distributions during the lifetime of the settlor and, upon her death, continued for the benefit of the settlor's daughter, Nola Mae Wills. The remainder of the Trust assets is to be distributed to the settlor's grandson, Kastner, upon the death of Wills. Ms. Brooks died in 2000.

In January of 2009, Plaintiff received a letter from Intrust Bank which he asserts shows the trust has lost significant money since the death of his grandmother in 2000. From 2000 through

---

[2]For the purposes of this Order, the Court assumes the truth of these facts and considers them in the light most favorable to Plaintiff. When Defendants filed their Answer, they attached a copy of the Trust Agreement. Notwithstanding the general principle that the Court should not consider matters outside the complaint without converting a motion to dismiss or motion for judgment on the pleadings to a motion for summary judgment, "if a plaintiff does not incorporate or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3]Plaintiff also attempts to bring suit as representative of the Estate of Jessie I. Brooks, as the Estate of Jessie I. Brooks, and as Jessie I. Brooks.

2008, the Jessie I. Brooks trust lost $40,485.60. Plaintiff contends that the value of the trust should be at least $1.4 million instead of $847,000.

The trust contains waivers of negligence and the prudent investor standard at sections 5.4 and 6.4. Section 5.4 of the Trust Agreement provides:

> Investments. Trustee shall have full right, power, and authority to invest and reinvest any and all funds or other assets coming into Trustee's hands as part of the trust estate without being restricted to making what is commonly known as "legal investments" and whether or not such investments comply with what are commonly known as the "prudent man" and "prudent investor" rules. Without limiting the generality of the foregoing, the Trustee shall have full right, power and authority to carry on any business or partnership which Settlor may own or in which Settlor may have an interest at the time of Settlor's death, and to invest in corporate stocks, securities, and obligations of every kind, whether listed or unlisted, as well as other assets as Trustee may in Trustee's discretion deem advisable for the best interests of the Trust.

Section 6.4 of the Trust Agreement provides:

> Liability of Trustee. Trustee shall not be liable for any mistakes in judgment or for the acts, negligence or defaults of any other trustee, agent or person employed by Trustee or for the acts of any person into whose hands any Trust funds may properly be deposited or come; provided, however, that nothing in this section shall relieve any Trustee from liability for failure to participate in the administration of the Trust or to attempt to prevent a breach of Trust, or from liability for the defalcation of its regular employees. No successor trustee shall be liable for the acts of any prior trustee, nor for failing to investigate the propriety of the acts of any prior Trustee.[4]

Plaintiff claims that the devaluation of the trust occurred because Defendants committed fraud and breached its fiduciary duty by including waivers of negligence and the prudent investor standard in the Trust document. Plaintiff contends that the waivers are unreasonable as they free the trustee to invest trust assets without liability for making investments that fall beneath standards of prudence for investors. In addition, Plaintiff asserts that no reasonable lawyer would advise their client to invest their entire estate in a trust with these type of provisions.

---

[4] As noted above, Defendants attached a copy of the Trust agreement to their Answer.

Plaintiff asserts several claims against Defendants. These include: (1) negligent misrepresentation to Jessie I. Brooks as to the nature of the Trust agreement and consequences of the waiver provisions; (2) fraud by silence in failing to disclose to Jessie I. Brooks material facts concerning the nature of the Trust agreement and the consequences of the waiver provisions; (3) fraud against Jessie Brooks in representing the waiver provisions contained in the Trust agreement were not harmful or significantly less harmful than they are; (4) breach of fiduciary duties by failing to disclose to Jessie I. Brooks material information concerning the nature of the trust and consequences of waiver provisions; (5) breach of duties as lawyers by failing to properly advise Jessie I. Brooks and failing to exercise the degree of learning, skill and care that a reasonably competent lawyer would use in similar circumstances; and (6) breach of contract by failing to protect Jessie I. Brooks' interests and drafting a trust highly favorable to Intrust bank.

Plaintiff contends he discovered the devaluation of the Jessie I. Brooks trust when Intrust Bank mailed him a performance report on January 14, 2009. He asserts that discovery of the performance of the trust prior to this date was delayed due to the concealment of Intrust Bank and the firm of the nature of the trust and the waiver provisions. Plaintiff claims that he has suffered damages because 1) the trust is undervalued; 2) he lives at a lower standard of living due to the existence of the trust; 3) he is unable to afford legal counsel in this and other matters as a result of the existence of the trust; 4) he does not own a home, a car, is unmarried, and without children due to the existence of the trust; and 5) he and his descendants have lost fourteen years of time value of the money during a period of economic expansion with rapidly increasing stock values as a result of mismanagement of the trust.

Plaintiff filed his Complaint on January 13, 2010. Defendants filed a Motion for Judgment on the Pleadings asserting that Plaintiff's tort claims are barred by Kansas' ten year statute of repose, and Plaintiff's contract claims are either subsumed in the tort claims or are barred by Kansas' five-year or three-year statute of limitations. In addition, Defendants contend that the Trust Agreement complied with the provisions of the Uniform Trustee's Powers Act ("UTPA") and the Prudent Investor Act ("PIA") as they existed in 1996, and Plaintiff has no cause of action.

**II. Legal Standard**

Responsive pleadings have already been filed, and this motion is brought pursuant to Fed. R. Civ. P. 12(c) rather than Fed. R. Civ. P. 12(b)(6). This is a distinction without a difference as the standard is the same under Rule 12(c) and Rule (12)(b)(6).[5] To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[6] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[7] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[8]

---

[5] *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003).

[6] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[9] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[10] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[11]

**III. Analysis**

Defendants contend that Plaintiff's tort claims - negligent misrepresentation, fraud by silence, fraud, breach of fiduciary duty, and legal malpractice - are all barred by Kansas' statute of repose. Defendants assert that the alleged wrongful conduct is all predicated on the execution of the Trust agreement which occurred on or before June 5, 1996. As such, Defendants contend that the statute of repose bars these claims because they were not brought prior to June 5, 2006. To the extent Plaintiff brings a breach of contract claim, Defendants assert that it is actually based in tort and is also barred by the statute of repose. Alternatively, Defendants assert that the statute of limitations has run for a breach of contract claim.

Plaintiff asserts that the ten year statute of repose does not apply to fraud claims. It appears that Plaintiff also argues that the other tort claims - negligent misrepresentation, breach of fiduciary duty, and legal malpractice - should be tolled because they are based on fraud. Plaintiff asserts that tolling also applies to the breach of contract claim because this claim is based on the same facts

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

supporting the tort based causes of action. In response, Defendants contend that Plaintiff did not plead with particularity circumstances or conduct on the part of the Defendants that would toll the limitations period applicable to the claims.

Jurisdiction arises on the basis of diversity; therefore, the law of the forum state, Kansas, applies.[12] Defendants contend that Plaintiff, as a contingent beneficiary, can bring this lawsuit but has no greater rights than those possessed by the settlor. Defendants rely on a Kansas Supreme court case, *Pizel v. Zuspann*.[13] In *Pizel*, the court determined that beneficiaries to a trust could proceed with a legal malpractice claim based on negligence despite the lack of privity between the attorney and the beneficiaries.[14] The court in *Pizel* set forth a six-part balancing test to determine whether a duty arose to the intended beneficiaries.[15] Although the parties do not discuss the balancing test or other aspects of that case, Defendants and Plaintiff proceed as if Plaintiff may bring this suit. As such, the Court will as well.

"A federal court sitting in diversity applies state law for statute of limitations purposes."[16] In Kansas, the statute of limitations for tort claims is generally two years.[17] The statute, however, also has what is considered a statute of repose. K.S.A. § 60-513(b) provides:

> Except as provided in subsections (c) and (d), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not

---

[12]*Reid v. Geico Gen. Ins. Co.*, 499 F.3d 1163, 1167 (10th Cir. 2007).

[13]247 Kan. 54, 795 P.2d 42 (1990) (*modified by Pizel v. Zuspann*, 247 Kan. 699, 803 P.2d 205 (1990)).

[14]*Id*. at 67, 795 P.2d at 51.

[15]*Id*. at 67-68, 795 P.2d at 51. The statute of repose was not at issue in *Pizel*.

[16]*Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (citation omitted).

[17]K.S.A. § 60-513(a).

reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.

"A statute of repose limits the time during which a cause of action can arise and usually runs from the act of a defendant."[18] Because it is a statute of repose, K.S.A. § 60-513(b) "bars the cause of action after the 10-year period even though the action may not have yet accrued."[19]

Plaintiff appears to argue that he possessed no cause of action prior to his grandmother's death, and alternatively that he did not have information to put him on notice of the fraud until January of 2009 when he received a letter regarding the trust. As noted above, however, a statute of repose extinguishes a cause of action after a certain time even though the action or injury may not yet have accrued. All of Plaintiff's claims are premised on the same alleged wrongful conduct - the inclusion of certain provisions in the Trust agreement which allegedly waived negligence and the prudent investor standard. Plaintiff contends that the trust lost value due the inclusion of these provisions in the Trust agreement. Plaintiff's grandmother executed the Trust agreement on June 5, 1996. As such, Defendants' last alleged wrongful conduct necessarily occurred on or before June 5, 1996 as Defendants drafted the Trust agreement.[20] Plaintiff did not file this lawsuit until 2009, fourteen years after the last alleged wrongful act; therefore, Plaintiff's claims are barred by the ten-year statute of repose.

---

[18]*Harding v. K.C. Wall Prods., Inc.*, 250 Kan. 655, 668, 831 P.2d 958, 967 (1992).

[19]*Id*. at 669, 831 P.2d at 968.

[20]There are no allegations in the Complaint that Defendants performed any other act after this date. In addition, a lawyer generally does not owe a settlor a continuous duty to monitor performance of a trust agreement. *See Pizel v. Zuspann*, 247 Kan. 699, 700, 803 P.2d 205, 206 (1990).

Plaintiff asserts that the ten year statute of repose is inapplicable to his fraud claim.[21] Although a recent decision by the Kansas Court of Appeals appears to state that the statute of repose may not be applicable to claims of fraud or fraudulent concealment, those circumstances are not present in this case. In *Hemphill v. Shore*,[22] the Kansas Court of Appeals determined that the plaintiff failed to adequately allege underlying facts and circumstances that constituted constructive fraud. It therefore determined that although claims of fraud or fraudulent concealment may render the statute of repose inapplicable, because the plaintiff failed to adequately allege a cause of action for constructive fraud, the statute of repose was applicable.[23]

Similarly, in this case, Plaintiff fails to adequately allege fraud or fraudulent concealment. "In all averments of fraud, the circumstances constituting fraud shall be stated with particularity."[24]

> The elements of fraud are: (1) The defendant made a false statement concerning an existing or material fact; (2) the defendant knew the statement was false or recklessly made the statement without knowing it validity; (3) the defendant intentionally made the statement for the purpose of inducing the plaintiff to act upon it; (4) the plaintiff reasonably relied and acted upon the defendant's statement; and (5) the plaintiff sustained damage by relying upon the statement.[25]

---

[21] Plaintiff relies on *Jennings v. Jennings*, 211 Kan. 515, 527, 507 P.2d 241, 251 (1973). The *Jennings* case was decided in 1973 and interpreted a prior version of K.S.A. § 60-513(b). The statute has since been revised, and the Court questions the continued application of *Jennings* to the current version of the statute and with respect to the facts of this case.

[22] --- P.3d ---, 2010 WL 3719085 (Kan. App. Sept. 24, 2010).

[23] *Id*. at *11 (noting that plaintiff "has failed to demonstrate that he has any cause of action for constructive fraud that withstands or avoids application of the statute of repose.").

[24] Fed. R. Civ. P. 9(b); *see also* K.S.A. § 60-209(b) and *Miller v. Sloan, Listrom, Eisenbarth, Sloan & Glassman*, 267 Kan. 245, 260, 978 P.2d 922, 932 (1999).

[25] *Raynor Mfg. Co. v. Raynor Door Co., Inc.*, 225 P.3d 780, 2010 WL 744801, at *12 (Kan. App. Feb. 26, 2010).

In addition, to establish fraudulent concealment, or fraud by silence,

> the plaintiff must show by clear and convincing evidence the following elements: (1) that defendant had knowledge of material facts which plaintiff did not have and which plaintiff could not have discovered by the exercise of reasonable diligence; (2) that defendant was under an obligation to communicate the material facts to the plaintiff; (3) that defendant intentionally failed to communicate to plaintiff the material facts; (4) that plaintiff justifiably relied on defendant to communicate the material facts to plaintiff; and (5) that plaintiff sustained damages as a result of defendant's failure to communicate the material facts to plaintiff.[26]

Plaintiff's Complaint includes general allegations, but he certainly does not state with particularity circumstances that constitute fraud or fraudulent concealment. Nothing in the pleadings indicate fraud or fraudulent concealment on behalf of Defendants against Plaintiff's grandmother. As such, Plaintiff fails to allege fraud with particularity to render the statute of repose inapplicable.

Furthermore, Plaintiff fails to allege facts or circumstances that would justify the tolling of the statute of limitations or statute of repose. The heightened standard for pleading fraud under Rule 9(b) also applies to claims of fraudulent concealment for purposes of tolling limitations periods.[27] Here, Plaintiff has not alleged with particularity circumstances that would justify tolling the statute of repose. There are no allegations in the pleadings to demonstrate that but for Defendants' actions, Plaintiff was unaware of the trust provision. Although Plaintiff asserts he received a letter in January of 2009 setting forth the current value of the trust, there are no allegations that Defendants intentionally concealed anything from Plaintiff or Plaintiff's grandmother for the thirteen years the Jessie I. Brooks trust had already been in existence. In sum, Plaintiff's allegations do not support the applicability of tolling with respect to Kansas' statute of repose.

---

[26] *Miller*, 267 Kan. at 260, 978 P.2d at 932.

[27] *In re Urethane Antitrust Litig.*, 409 F. Supp. 2d 1275, 1284 (D. Kan. 2006).

With respect to Plaintiff's breach of contract claim, Defendants assert that Plaintiff's claim actually sounds in tort. "When there is both a contractual relationship and a relationship that gives rise to a legal duty, such as the attorney-client relationship, the breach of that duty and not of the contract itself gives rise to a tort action."[28] "If the *gravamen of the action is a breach of the legal duty and not of the contract itself, the action is in tort.*"[29] Here, Plaintiff claims that Defendants breached their contract to represent Jessie I. Brooks in the creation and execution of the trust. Plaintiff even asserts that his contract claim is based on the same conduct as his tort based claims. Accordingly, the gravamen of Plaintiff's claim is a breach of a legal duty, not of a contract itself. As such, all of Plaintiff's claims are barred by the statute of repose.[30]

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 13) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 5th day of November, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[28]*Canaan v. Bartee*, 276 Kan. 116, Syl. 3, 72 P.3d 911, 912 (2003).

[29]*Hunt v. KMG Main Hurdman*, 17 Kan. App. 2d 418, 421, 839 P.2d 45, 47 (1992) (emphasis in original) (quotation and citation omitted).

[30]Even if Plaintiff's claim could be considered a contract claim, his claim would be barred by the statute of limitations in K.S.A. § 60-511 (breach of written contract shall be brought within five years) or K.S.A. § 60-512 (breach of oral contract shall be brought within three years).
In addition, Plaintiff Kastner attempted to bring suit in numerous different capacities (although the Court is speculative as to whether Plaintiff had the ability to bring these claims in different capacities). Because this Court has determined that the claims are barred under the statute of repose, the ruling is applicable to all Plaintiffs.